[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 28, 2011
JOHN LEY
CLERK

No. 11-11617
Non-Argument Calendar

_____

D.C. Docket No. 6:09-cv-01102-MSS-GJK

SHARON BENTLEY,

Plaintiff-Appellant,

versus

ORANGE COUNTY, FLORIDA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 28, 2011)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Sharon Bentley appeals from the district court's grant of summary judgment

in favor of Orange County, Florida, in her employment discrimination suit under Title

VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a), 3(a), and the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2615(a). On appeal, she argues that: (1) she presented appropriate comparators for her Title VII discrimination claim, and the district court wrongly analyzed similarity under the 'nearly identical' standard; (2) she made out a prima facie FMLA retaliation claim, and because the district court failed to view the evidence in the light most favorable to her, it failed to detect a material issue regarding pretext; and (3) regarding her Title VII retaliation claim, she provided sufficient evidence to demonstrate that Orange County's reasons for her termination were pretextual. After thorough review, we affirm.

We review a district court's grant of summary judgment de novo, applying the same legal standard used by the district court. Johnson v. Bd. of Regents of Univ. of Ga., 263 F.3d 1234, 1242 (11th Cir. 2001). We draw all factual inferences in a light most favorable to the non-moving party. Id. at 1243.

First, we find no merit to Bentley's argument that she presented appropriate comparators for her Title VII discrimination claim. Under Title VII, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race . . . ." 42 U.S.C. § 2000e-2(a)(1). To set out a prima facie case for disparate treatment in a race

2

discrimination case, the plaintiff may show that: (1) she is a member of a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) she was replaced by a person outside her protected class or was treated less favorably than a similarly-situated individual outside her protected class. Maynard v. Bd. of Regents of the Univ. of the Fla. Dep't of Educ., 342 F.3d 1281, 1289 (11th Cir. 2003).

Intentional discrimination claims under the disparate treatment theory can be proven using either direct or circumstantial evidence of discrimination. Burke-Fowler v. Orange County, Fla., 447 F.3d 1319, 1322-23 (11th Cir. 2006). When a claim involves circumstantial evidence, the district court analyzes the case using the burden-shifting framework set out in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Under McDonnell Douglas, the plaintiff bears the initial burden of presenting sufficient evidence to allow a reasonable jury to determine that she has satisfied the elements of her prima facie case. Id. at 802.

In determining whether employees are similarly situated for purposes of establishing a prima facie case, a court must consider whether the employees are involved in or accused of the same or similar conduct, and were disciplined in different ways. Maniccia v. Brown, 171 F.3d 1364, 1368 (11th Cir. 1999). Thus, we require that "the quantity and quality of the comparator's misconduct be nearly

identical to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges." Id.

Here, the district court correctly granted summary judgment on Bentley's disparate treatment claim. The parties do not dispute that Bentley is African-American, was qualified for her position as a correctional officer, and suffered an adverse employment action when Orange County terminated her. Thus, only the fourth element of the prima facie case -- whether the county treated her less favorably than a similarly situated individual outside her protected class -- is at issue here. Despite Bentley's arguments to the contrary, we generally require that the plaintiff provide comparator employees whose misconduct was 'nearly identical' to the plaintiff's, and this panel is bound to follow that precedent. Although the individuals that Bentley named as comparators were not members of her protected class, none of them were engaged in nearly identical conduct -- in which she misrepresented the nature of her plans to take a cruise, and then failed to follow proper procedures for notifying officials of the duration of that absence. Rather, the two female employees she named were not charged with fraud or dishonesty violations, and the two male employees she named were charged with making fraudulent statements, but neither also violated Orange County leave policies like

4

Bentley did. Because Bentley failed to offer appropriate comparators, she failed to make out a prima facie case.

We are also unpersuaded by Bentley's FMLA claim. Under the FMLA, an eligible employee is entitled to take unpaid FMLA leave for "a total of 12 workweeks . . . during any 12-month period" for several enumerated reasons, including for "a serious health condition that makes the employee unable to perform the functions" of her position. 29 U.S.C. § 2612(a)(1)(D). For violations of the FMLA, an employee may raise two types of claims: (1) interference claims, and (2) retaliation claims, in which the employee alleges that her employer discharged or discriminated against her for engaging in a practice protected by the FMLA. 29 U.S.C. § 2615(a)(1), (2).

To state a claim for retaliation under the FMLA, the employee must prove, by a preponderance of the evidence, that: (1) she is entitled to the claimed benefit, (2) she suffered an adverse employment action, and (3) the adverse action was "intentional" and "motivated" by her participation in the protected activity, establishing a causal connection. Strickland v. Water Works & Sewer Bd. of the City of Birmingham, 239 F.3d 1199, 1207 (11th Cir. 2001); Wascura v. City of S. Miami, 257 F.3d 1238, 1248 (11th Cir. 2001); Burlington Northern & Santa Fe Ry. v. White, 548 U.S. 53, 68 (2006). If the employee establishes a prima facie FMLA retaliation claim, the burden shifts to the employer to demonstrate that it would have taken the

same action without regard to the employee's FMLA status. See Strickland, 239 F.3d at 1208.

In this case, the district court correctly granted summary judgment on Bentley's FMLA retaliation claim. The first two elements of the prima facie claim are not at issue, because the parties do not disagree that Bentley was entitled to take FMLA leave, and that she suffered an adverse employment action when the county terminated her. As for the third element, while termination is an intentional action, it is not clear that it was motivated by her use of FMLA protection. Bentley does note that the investigation started because of FMLA leave misuse allegations, but she was actually terminated for fraud and dishonesty, as well as violating Orange County's leave policies because she did not follow the proper procedures for taking leave. But, assuming arguendo that Bentley made a prima facie claim, the burden then shifted to Orange County to show that it legitimately fired her for reasons not related to her use of FMLA leave. Orange County legitimately argued that it fired Bentley because she violated policies prohibiting improper behavior, and taking leave without notifying the supervisor for the missed shift, and Bentley has not shown that to be untrue or of questionable credibility. Because Bentley has failed to show that Orange County's reason was more likely motivated by her use of FMLA leave or lacking credibility, the district court did not err in granting summary judgment on this claim.

6

Finally, we reject Bentley's Title VII retaliation claim. In order to establish a prima facie case for retaliation, a claimant generally must show that (1) she engaged in statutorily protected activity; (2) she suffered the type of materially adverse action that would dissuade a reasonable employee from engaging in the statutorily protected activity; and (3) there was a causal relationship between the events. Burlington, 548 U.S. at 57; Pennington v. City of Huntsville, 261 F.3d 1262, 1266 (11th Cir. 2000).

Under McDonnell Douglas, if a plaintiff employee establishes a prima facie case, the burden shifts to the defendant employer to articulate a legitimate reason for the employment action. 411 U.S. at 802. If the employer proffers a legitimate, non-discriminatory reason for its employment action, the plaintiff must then show, by a preponderance of the evidence, that the reason is "a pretext for unlawful discrimination." McCann v. Tillman, 526 F.3d 1370, 1373 (11th Cir. 2008). "[A] reason cannot . . . be a pretext for discrimination unless it is shown both that the reason was false, and that discrimination was the real reason." St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515 (1993) (emphases and quotation omitted). Conclusory allegations or unsupported assertions of discrimination "are not sufficient to raise an inference of pretext . . . ." Mayfield v. Patterson Pump Co., 101 F.3d 1371, 1376-77 (11th Cir. 1996).

Here, the district court correctly granted summary judgment on Bentley's Title VII retaliation claim. The parties do not disagree that Bentley engaged in a statutorily protected activity by providing testimony for an internal sexual harassment investigation, and that her termination was the kind of adverse action that would dissuade an employee from doing so. Only the third element regarding causal connection is at issue. Bentley suggested a causal connection by stating that the supervisor responsible for her termination, a friend of the employee who was investigated for sexual harassment, said that people who participated in the investigation would face negative consequences. However, even if we assume arguendo that Bentley made out a prima facie claim, she still did not show that Orange County's legitimate reasons for firing her -- fraud and dishonesty and violating the leave policy -- were a pretext for the unlawful discrimination. Thus, district court did not err in granting summary judgment on Bentley's Title VII retaliation claim.

**AFFIRMED.**